# EXHIBIT A

STATE OF MICHIGAN
THIRD JUDICIAL CIRCUIT
WAYNE COUNTY

SUMMONS

Case 2:26-cv-11225-TGB-DRG ECF No. 1-1, PageID.6 Filed 06/30/26 Page 2 of 15

26-008316-CC

Hon.Leslie Kim Smith

Court telephone no.: 313-224-2427

| Plaintiff's name(s), address(es), and telephone no(s) | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| PALUCH, JANICE | v | WAYNE COUNTY TREASURER |

| Plaintiff's attorney, bar no., address, and telephone no |
|---|
| Ryan Evan Hill 68445<br>26700 Lahser Rd<br>Southfield, MI 48076 |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk. 

| **SUMMONS** |
|---|

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>5/15/2026 | Expiration date*<br>8/14/2026 | Court clerk<br>Vitali Ilyich |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (3/23)  **SUMMONS**  MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



**PROOF OF SERVICE**

**TO PROCESS SERVER:** You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE OF SERVICE / NONSERVICE

☐ I served ☐ personally ☐ by registered or certified mail , return receipt requested, and delivery restricted to the addressee(copy of return receipt attached) a copy of the summons and the complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name | Date and time of service |
|---|---|
| Place or address of service | |
| Attachments (if any) | |

☐ I am a sheriff,deputy sheriff, bailiff, appointed court officer or attorney for a party.

☐ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ | Name (type or print) |

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with

_____ on _____

Attachments (if any)                         Date and time

_____ on behalf of _____.

Signature

_____

MCL 600.1910, MCR 2.104, MCR 2.105

**STATE OF MICHIGAN**
**3rd JUDICIAL CIRCUIT COURT**
**COUNTY OF WAYNE**

**JANICE PALUCH,**

        *Plaintiff,*

-v-

**WAYNE COUNTY TREASURER, and**
**CITY OF HARPER WOODS,**

        *Defendants.*

Case No. 26-        -CC

Hon.

---

**DETROIT LEGAL GROUP, PLLC**
Ryan E. Hill (P68445)
Clayton P. Miller (P-86291)
*Attorneys for Plaintiff*
407 E. Fort St. Ste 103
Detroit, MI 48226
(T): 313-962-4954
(F): 866-912-6311
rhill@detroitlegalgroup.com
cmiller@detroitlegalgroup.com

---

*There is no pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.*

### COMPLAINT

**NOW COMES**, Plaintiff, by and through her counsel, **DETROIT LEGAL GROUP, PLLC**, and in support of its Complaint, hereby states the following:

### PARTIES AND JURISDICTION

1. Plaintiff, JANICE PALUCH, is an individual that resides and transacts business within the County of Wayne, State of Michigan

2. Defendant, WAYNE COUNTY TREASURER (the "County") is a municipal corporation that is located, and transacts business, in Wayne County, Michigan.

1

3. Defendant, CITY OF HARPER WOODS ("the City") is is a municipal corporation that is located and does business in Wayne County Michigan.

4. This Court has jurisdiction under MCLS Const. Art. X, § 2 because the claims arise under the Takings Clause of the Michigan Constitution and the Fifth Amendment of the United States Constitution.

5. The amount of controversy in this civil action exceeds $25,000.00 or seeks equitable relief.

6. Venue is proper in this Court pursuant to MCL 600.1621 (a), for the reason that this is the County which Defendant does business, and the Subject Property is located, in the County of Wayne, State of Michigan.

## GENERAL ALLEGATIONS

7. Article 10, § 2 of Michigan's 1963 Constitution prohibits the government from taking private property for public use without just compensation.

8. In *Rafaeli*, "*Rafaeli, LLC v Oakland Co*, 505 Mich 429; 952 N.W.2d 434 (2020) the Michigan Supreme Court held that when a property has been offered for sale at a public auction, just compensation requires the Foreclosing Governmental Unit (FGU) to return any proceeds from the tax-foreclosure sale in excess of the delinquent taxes, interest, penalties, and fees reasonably related to the foreclosure and sale of the property— no more, no less.

9. *In Jackson v. Southfield Neighborhood Revitalization Initiative*, 2025 Mich. LEXIS 1287, the Court applying *Rafaeli* stated that the "same principles apply when, as in this case, there is no sale by public auction because a governmental unit exercises its right of first refusal under former MCL 211.78m(1); the governmental unit

2

still commits a taking if the value of the property retained exceeds what the government was owed." *Jackson* Supra @8.

10. In the present case, the City exercised its right of first refusal and "there was no possibility of surplus proceeds from a foreclosure sale because the properties were never placed for public auction and former MCL 211.78m restricted the city's purchase price to the minimum bid." *Jackson* Supra @ 8.

11. Because Plaintiff's property was purchased for the minimum bid in lieu of being made available to purchase through public auctions, "to the extent the value of plaintiff'[s]' respective properties exceeded the amount Plaintiff . . . owed in delinquent taxes . . . there was a taking without just compensation in violation of Michigan's Takings Clause". *Jackson* Supra @ 8.

12. "Therefore, when a governmental unit has exercised its right of first refusal under former MCL 211.78m(1) and purchased the property from the FGU for the minimum bid, the process outlined in MCL 211.78t for recovering remaining proceeds does not govern a claimant's dispute regarding the additional value associated with the real property that was acquired or retained by the governmental unit. *Jasckson* Supra @10.

13. "Instead, such claimants should proceed through standard processes of inverse condemnation, separate from the statutory process of MCL 211.78t, to recover that additional value. Therefore, although the Court of Appeals properly concluded, as held in *Hathon*, that MCL 211.78t applies retroactively, that statute was not applicable in this case and did not preclude plaintiffs from seeking relief. ... " *Jackson* Supra @ 10.

14. Inverse condemnation claims are "(1) 'that the government's actions were a substantial cause of the decline of his property's value,' and (2) 'that the government abused its

3

legitimate powers in affirmative action's directly aimed at the plaintiff's property. *Hinojosa v. Dep't of Natural Res.*, 263 Mich. App. 537, 549. (2004).

15. A Fifth Amendment taking occurs when a county takes absolute title of the property. It follows that a county must pay a property owner interest on surplus proceeds from a tax foreclosure sale to ensure that the owner is compensated contemporaneously with the taking. U.S. Const. amend. V. ... " *Pung v. Kopke*, 2025 U.S. App. LEXIS 2149.

16. A "taking" of private property for public use may occur without absolute conversion of the property in question. It includes cases where the value is destroyed by the action of the government, or serious injury is inflicted to the property itself, or exclusion of the owner from its enjoyment, or from any of the appurtenances thereto. In either of these cases it is a taking within the meaning of the provision of the United States Constitution. ..." *Heinrich v. Detroit,* 90 Mich. App. 692, 695. (1979).

17. Plaintiff was the Owner of 20016 Roscommon, Harper Woods, MI, 48225 ("Subject Property").

18. Plaintiff has owned the Subject Property for decades prior to the alleged foreclosure in 2024.

19. Plaintiff held title to the Subject Property up until the County of Wayne foreclosed in 2024. (See attached Exhibit A, Deed from Wayne County to Harper Woods)

20. Plaintiff made several improvements and investments to the Subject Property over the many years of ownership, increasing the fair market value of the Subject Property.

21. After the Foreclosure of the Subject Property, for a total amount of taxes due in the amount of $8,909.50 (See Exhibit A), the Wayne County Treasurer offered the subject property to the City.

4

22. The County, after offering first right of refusal to the City, did not place the subject property on the public auction for bids.

23. On September 3, 2025, the City allegedly paid to the County the amount of taxes owed, $8,909.50, and took possession and ownership of the Subject Property that had a value in excess of $121,000.00 at the time of the taking. (See Exhibit A and Exhibit B, Zillow Listing).

24. For some bizarre reason, the City then transferred the Subject Property to a private investor for $8,909.50, the same price the City acquired it for.

25. Since then, the private investor has attempted to evict Plaintiff from the Subject Property in District Court with a summary proceedings case.

26. Plaintiff's ad valorum taxes owed at the time of the foreclosure were ONLY $8,909.50.

27. That as a result, Plaintiff has been damaged as aforesaid.

## COUNT I: DE FACTO TAKING / INVERSE CONDEMNATION

28. Plaintiff hereby incorporates and re-alleges the allegations set forth in the paragraphs above.

29. Defendants have taken, used, or damaged property rights of the Plaintiff through actions, policies, or conduct that constitute an uncompensated taking of private property for public use.

30. Such conduct included allowing Defendant City to acquire the Subject Property through its first right of refusal for taxes owed, not listing the Subject Property on the Public Auction, and having the City and the County make a substantial profit.

31. As a direct result of Defendants' actions, Plaintiff's property has been otherwise deprived of economically beneficial use and value.

5

32. The taking or damaging of Subject Property was for a public purpose and without just compensation, in violation of the Michigan Constitution and the United States Constitution.

33. Plaintiff, therefore, acquired its interest in the Subject Property with the distinct and reasonable investment-backed expectation that it would not be deprived of economically beneficial use and value.

34. Because the County did not offer the Subject Property to Public Auction, the County has unreasonably caused significant financial damages to Plaintiff.

35. Defendants, collectively, have, therefore, effectuated a taking of Plaintiff's Property, the Subject Property, and associated rights in fact, or by inverse condemnation.

36. Plaintiff is therefore entitled to just compensation for the loss in value of the Subject Property and the direct loss of revenue caused by the County's unconstitutional, illegal and arbitrary actions.

37. Plaintiff has also suffered damages as a direct and proximate result of the Defendants' unconstitutional, illegal, and arbitrary actions.

38. Plaintiff is entitled to just compensation for the property taken or damaged pursuant to Michigan law (MCL 213.51 et seq.) and the Fifth Amendment of the U.S. Constitution.

39. That as a result, Plaintiff has been damaged as aforesaid.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff requests a Judgment awarding it just compensation, in addition to damages for the lost value of potential surplus money in an amount to be determined and in excess of twenty-five thousand dollars ($25,000.00) all costs, interest and fees and any and all other relief this Court deems equitable and just under the circumstances.

6

Respectfully Submitted,

Dated: May 15, 2026

/s./ Ryan E. Hill
Ryan E. Hill (P68445)
DETROIT LEGAL GROUP, PLLC
*Attorneys for Plaintiff*

7

# EXHIBIT A

2025242171   L:59/30 P:748   TGRJU
09/03/2025   02:29 PM   Total Pages: 1
Bernard J. Youngblood, Register of Deeds - Wayne County, MI

# WAYNE COUNTY TREASURER
## QUIT CLAIM DEED
### (Issued under Act 206 Public Act of 1893, as Amended by Act 123 of Public Acts of 1999)

Eric R. Sabree, Treasurer of the Charter County of Wayne, Michigan, hereinafter called the Grantor/Treasurer whose address is 400 Monroe, Suite 520, Detroit, Michigan 48226, by authority of Act 206 of Public Acts of 1893, as amended by Act 123 of Public Acts of 1999, as amended, conveys and quit claims to:

**CITY OF HARPER WOODS**

hereinafter called the Grantee, whose address is:

**19617 HARPER AVE. HARPER WOODS, MI 48225** _____ the following

described premises located in the **CITY OF HARPER WOODS, WAYNE COUNTY, MI**

Tax Parcel I.D. #: **42002022256000**

Legal Description:

**617E2256 LOT 2256 AND N 1/2 ADJ VAC ALLEY EAST PARK MANOR NO. 5 PCS 123,617 L60 P86 WCR**

**Commonly known as: 20016 ROSCOMMON, HARPER WOODS**

For the full consideration of **$8,909.50** _____ Dollars.        Date: **September 03, 2025**

Pursuant to the provisions of Section 78k(5)(c) and 78k(5)(e) parcels are subject to visible or recorded easements and rights of way; private deed restrictions; building restrictions of record; all future installments of special assessments and liens recorded by the State or the foreclosing governmental unit or restrictions or other governmental interests imposed pursuant to the Natural Resources and Environmental Protection Act being Public Act 451 of 1994. This conveyance is exempt from taxes pursuant to MCL 207.505(h)(1) and MCL 207.526(h)(I).

In Witness Whereof the Grantor, has signed and affixed the seal of the Wayne County Treasurer the day and year first above written.

STATE OF MICHIGAN   )
                    )ss
COUNTY OF WAYNE   )

Eric R. Sabree
Wayne County Treasurer

The foregoing instrument was acknowledged before me on this **03** day of **September**, **2025** by Eric R. Sabree, Wayne County Treasurer.

JOHN F KRAVITZ
Notary Public - State of Michigan
County of Macomb
My Commission Expires Nov 28, 2029
Acting in the County of WAYNE

Notary Public, Wayne County Michigan

Prepared by Wayne County Treasurer
400 Monroe Street, Detroit, Michigan 48226

When recorded return to: Grantor
Send subsequent tax bills to: Grantee

# EXHIBIT B

Case 2:26-cv-12213-TGB-DRG   ECF No. 1-1, PageID.18   Filed 06/30/26   Page 14 of 15

Off market

⌂ Zestimate®
# $121,000
20016 Roscommon St, Harper Woods, MI 48225

**3** beds   **1** baths   **982** sqft

Est. refi payment: **$696/mo**  ⓢ  **Refinance your loan**

🏠 SingleFamily   🔨 Built in 1946

### Get a cash offer in 3 minutes

Find out how much your home could sell for in as little as 3 minutes with a no-obligation cash offer.

**Estimated market value**
## $121,000

**STATE OF MICHIGAN**
**3ʳᵈ JUDICIAL CIRCUIT COURT**
**COUNTY OF WAYNE**

**JANICE PALUCH,**

        *Plaintiff,*

        Case No. 26-        -CC

-v-

        Hon.

**WAYNE COUNTY TREASURER, and**
**CITY OF DETROIT PLANNING AND**
**DEVELOPMENT,**

        *Defendants.*

---

**DETROIT LEGAL GROUP, PLLC**
Ryan E. Hill (P68445)
Clayton P. Miller (P-86291)
*Attorneys for Plaintiff*
407 E. Fort St. Ste 103
Detroit, MI 48226
(T): 313-962-4954
(F): 866-912-6311
rhill@detroitlegalgroup.com
cmiller@detroitlegalgroup.com

---

**PLAINTIFF'S JURY DEMAND**

Plaintiff, **JANICE PALUCH**, by and through its counsel, DETROIT LEGAL GROUP,

PLLC, and pursuant to Michigan Court Rules 2.508(B), hereby asserts its demand for a trial by

jury and herewith submits the required jury fee.

        Respectfully Submitted,

Dated: May 15, 2026

        */s / Clayton P. Miller*
        Clayton P. Miller (P86291)
        DETROIT LEGAL GROUP, PLLC
        *Attorneys for Plaintiff*

26-008316-CC FILED IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   5/15/2026 2:27 PM   Vitali Ilyich

1